UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| **Latrice Franklin and Brian Brewer,** | ) | | |
| | ) | | |
| Plaintiffs, | ) | No. | FILED: JULY 30, 2008 |
| | ) | | 08CV4323 |
| vs. | ) | Judge | JUDGE GOTTSCHALL |
| | ) | | MAGISTRATE JUDGE BROWN |
| **City of Chicago, Chicago Police Officers** | ) | Magistrate | |
| **John Doe #1, John Doe #2, John Doe #3,** | ) | | PH |
| **John Doe #4, John Doe #5** | ) | | |
| | ) | | |
| Defendants. | ) | Jury Demand | |

## COMPLAINT

**JURISDICTION**

The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983 et seq.; the Judicial Code, 28 U.S.C. §§1331 and 1343(a); the Constitution of the United States; and pendent and supplementary jurisdiction, pursuant to 28 U.S.C. §1367.

**PARTIES**

1. Plaintiffs Latrice Franklin and Brian Brewer are residents of the United States and the City of Chicago.

2. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois and is the employer of the defendant police officers.

3. Defendants John Does #1-5 are duly appointed Chicago Police officer who engaged in the conduct complained of in the course and scope of their employment with the City of Chicago and while they were on duty.

4. At all times material to this complaint, the police officer defendants were acting under color of state law, ordinance, and/or regulation. Each is sued in his or her individual capacity.

**FACTS**

5. Plaintiff Latrice Franklin is a 26 year old mother who lives at 869 N. Cleveland in Chicago with her infant son and her mother.

6. Plaintiff Brian Brewer is the 23 year old father of Ms. Franklin's infant son, who on the date and time in question was a guest at Ms. Franklin's home.

7. Plaintiff Franklin's apartment is a row house situated in the Cabrini Green Public Housing development, where the city had installed cameras for ready visual surveillance.

8. Residents of a nearby apartment were widely known to be selling drugs from their apartment, in full view of the cameras. In an effort to remove herself from drug traffic and the police response thereto, Plaintiff Franklin posted a sign on her door, stating "Do not knock on this door. We do not sell drugs here." This visible sign was posted on her door prior to and on August 1, 2007.

9. On the morning of August 1, 2007, Plaintiffs were in the apartment located at 869 N. Cleveland, when defendants John Doe #1-5 kicked in the front door.

10. Defendants had no probable cause or reasonable suspicion to believe that Plaintiffs were committing or had committed any offense.

11. Defendants John Doe #1-5 did not knock, nor did they announce their office, before breaking into the apartment.

12. Defendants, dressed in plain clothes, entered the apartment, some or all of them with guns drawn.

13. At the time the defendants burst into the apartment, Plaintiff Franklin was in the bathroom, clad only in her underwear.

14. Defendants John Does #1 and 2 went upstairs to the bathroom where Plaintiff

Franklin was using the toilet and, with their guns drawn, ordered her to exit and walk downstairs.

15. Defendants saw Plaintiff Franklin clad only in her underwear.

16. At Plaintiff Franklin's request, defendants permitted her to put on some clothing.

17. At the time the defendants burst into the apartment, Plaintiff Brewer was in the bedroom, clad only in his boxer shorts, laying in bed with the baby at this side.

18. Defendants, guns drawn, ordered Plaintiff Brewer to exit the bedroom and walk downstairs.

19. Defendants left the baby alone, unattended, on the bed.

20. At Plaintiff Franklin's request, defendants permitted her to get her baby.

21. Defendants, guns drawn, ordered both plaintiffs to the living room.

22. As defendants looked around the house, a call came across their radio, announcing that they were in the wrong apartment.

23. Defendants rushed out of Plaintiff's home and into a nearby apartment.

24. A female sergeant entered the apartment and informed Plaintiffs she would send the housing department to come fix the door and frame, broken when the defendants forced their way into Plaintiff Franklin's home.

25. As a direct and proximate result of the acts of these defendants, as detailed above, Plaintiffs have suffered and continue to suffer, *inter alia*, mental distress, humiliation, loss of liberty, and damage to their property.

## COUNT I
### [Section 1983 Claim for Unreasonable Search and Seizure]

26. Plaintiffs reallege paragraphs 1-25.

27. The actions of the defendants, in entering plaintiffs' home and searching it, violated

plaintiffs' rights under the Fourth Amendment to the United States Constitution to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.

28. The actions of the defendants in searching both Plaintiffs, as set forth above in paragraphs 14, 15 and 17, also violated their Fourth Amendment rights to be secure in their person against unreasonable searches and seizures.

29. The actions of these defendants as set forth above were the direct and proximate cause of the constitutional violations set forth above and of Plaintiffs' mental distress, anguish, humiliation and loss of property.

WHEREFORE, Plaintiffs demand compensatory damages, jointly and severally, from the individual defendants.  Additionally, because these defendants acted maliciously, wilfully, wantonly, and/or in reckless disregard for the Plaintiffs' constitutional rights, plaintiffs demand punitive damages from these defendants.  Plaintiffs also demands costs and attorneys' fees and whatever additional relief this Court deems equitable and just.

## COUNT II
### [Pendent State Law Claim for Trespass]

30. Plaintiffs reallege paragraphs 1 through 25.

31. The defendants' actions in unlawfully entering the home of the Plaintiffs constituted the tort of trespass under Illinois law and directly and proximately caused the injuries and damages to Plaintiffs as set forth above.

WHEREFORE Plaintiffs demand compensatory damages, jointly and severally, from defendants.  Additionally, because these defendants acted maliciously, wilfully and wantonly, Plaintiffs demand punitive damages from these defendants.  Plaintiffs also demand costs and whatever additional relief this Court deems equitable and just.

## COUNT III
### [Pendent State Law Claim for Intentional Infliction of Emotional Distress]

32. Plaintiffs reallege paragraphs 1 through 25.

33. The conduct and actions of defendants as set forth above, were extreme and outrageous, were done intentionally, wilfully and wantonly, and/or knowing there was a high probability that their conduct would cause Plaintiffs severe emotional distress as set forth above.

34. As a direct and proximate result of defendants' extreme and outrageous conduct, Plaintiffs were injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois state law.

WHEREFORE, Plaintiffs demand compensatory damages against defendants plus the costs of this action and such other and additional relief as this Court deems equitable and just.

## COUNT IV
### [Claim for Respondeat Superior Against Defendant City of Chicago]

35. Plaintiffs reallege paragraphs 1 through 34.

36. Defendant police officers were, at all times material to this complaint, employees of the Defendant City of Chicago, were acting in the scope of their employment, and their acts, which violated state law, are directly chargeable to Defendant City of Chicago under state law pursuant to respondeat superior.

WHEREFORE, Plaintiffs demand judgment for compensatory damages against the City of Chicago, plus costs of these actions and whatever additional relief this Court deems equitable and just.

## COUNT V
### [745 ILCS 10/9-102 Claim Against Defendant City of Chicago]

37. Plaintiffs reallege paragraphs 1 through 36.

38. Defendant City of Chicago was the employer of defendants at all times relevant to this complaint.

39. Defendants committed the acts alleged above in the scope of their employment as employees of the City of Chicago.

WHEREFORE Plaintiffs, pursuant to 745 ILCS 10/9-102, demand judgment against the defendant City of Chicago in the amount awarded to Plaintiffs against any and all defendants as a judgment, and/or for any settlement entered into between the Plaintiffs and any defendant and for whatever additional relief this Court deems equitable and just.

Dated: July 23, 2008

Respectfully submitted,

/s/ Jan Susler
Jan Susler
People's Law Office
1180 N. Milwaukee Avenue
Chicago, Illinois 60622
773/235-0070

Attorney for Plaintiffs

**Plaintiffs demand a jury trial on each and every count of this Complaint.**